NEW YORK INCOME CORPORATION, Respondent, *v.* FRANK M. WELLS and Others, Defendants, Impleaded with BLAKE-DANIELS CO., INC., Appellant.

NEW YORK INCOME CORPORATION, Respondent, *v.* FRANK M. WELLS and Others, Defendants, Impleaded with JOHN B. DANIELS, Appellant.

First Department, February 4, 1921.

**Equity — complaint stating cause of action for accounting and foreclosure of lien against corporation and directors — allegations stating theory of relief incidental to foreclosure — misjoinder of cause of action against individual director.**

The complaint in an action against a corporation and its directors examined, and *held*, to state a cause of action in equity to compel an accounting as to a trust and trust fund arising under a certain agreement alleged in the complaint and to foreclose a lien held by the plaintiff on property pledged to it as security.

Allegations with respect to the continuance of the business and specific performance should not be construed as stating separate independent causes of action, but merely a theory of relief incidental to the foreclosure.

There is a misjoinder of causes of action in that a cause of action is alleged against an individual defendant by which it is sought to have it adjudged that the plaintiff is entitled to certain stock of the defendant corporation which was issued to said defendant and to compel the transfer thereof to the plaintiff.

APPEAL in the first action by the defendant, Blake-Daniels Co., Inc., from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 8th day of March, 1920, as overrules its demurrer to the complaint and denies its motion for judgment dismissing the complaint.

Appeal in the second action by the defendant, John B. Daniels, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 8th day of March, 1920, overruling said defendant's demurrer to the complaint.

*Frank S. Moore* [*Wells & Moore*, attorneys], for the appellants.

*Orville C. Sanborn,* for the respondent.

LAUGHLIN, J.:

The orders were made on motions for judgment on the pleadings consisting of the complaint and demurrers. Each of the appellants separately demurred on the same grounds, which are in substance as follows: (1) That the complaint fails to state facts sufficient to constitute a cause of action; (2) that causes of action have been improperly united, in that there is a cause of action against the defendant company and Lawrence E. Blake which does not affect the other parties; and a cause of action against the defendant Wells for a breach of duty to the plaintiff and for fraud, and to require him to surrender to it certain capital stock of the defendant company and demanding an injunction, all of which affect no other parties; and a cause of action by the plaintiff as a stockholder, and another under sections 90 and 91 of the General Corporation Law as a creditor of the defendant company, to compel its directors to account for official action and for the appointment of a receiver; and another cause of action for the foreclosure of an assignment by the defendant company to the plaintiff of the pledge of certain rents and for a deficiency judgment against the individual defendants; and still another cause of action for the specific performance of an agreement between the plaintiff and the defendant company.

The allegations of the complaint are neither plain nor concise in all respects, as required by the provisions of section 481 of the Code of Civil Procedure; but I think they are susceptible of the construction that the plaintiff intended to allege thereby, in effect, as follows: that the plaintiff and defendant companies are domestic corporations, and the individual defendants constitute the board of directors of the latter; that after the defendant company was incorporated and had acquired from the New York Central and Hudson River Rail-

First Department, February, 1921.          [Vol. 195.

road Company leases of fifteen parcels of land, which constituted its sole assets, it negotiated an agreement with the plaintiff under which plaintiff was to indorse and guarantee four promissory notes to be made by the defendant company to its own order and indorsed by it, and then by the defendant Lawrence E. Blake as an accommodation indorser for the benefit and protection of the plaintiff, and the notes were to be discounted by the Lawyers' Title and Trust Company and the proceeds of the discount, together with $2,000 cash capital, to be otherwise provided by the defendant company, were to be used in the development of the business of the defendant company in improving the leasehold property, and the money was to remain on deposit with the trust company and to be checked out for said purposes only on the counter-signature of the plaintiff, and the plaintiff was to be further protected by a rental income certificate constituting an assignment of the rentals on the fifteen parcels of land to be executed by the defendant company; that the plaintiff intrusted the making and supervision of the agreement in its behalf to the defendant Wells, who was one of its directors, its secretary and its counsel, and it relied upon him to protect its interests; that the notes were made and discounted according to the agreement, and the income certificate was issued to the plaintiff; that the defendant Wells took advantage of the trust so reposed in him by the plaintiff, and with the intent and purpose of defrauding it and without its consent or the knowledge of its president or other directors, participated in the organization of the defendant company and became its treasurer, and with the defendants Lawrence E. Blake and John B. Daniels became its sole incorporators and stockholders, and represented to his fellow-incorporators that the plaintiff required, as a condition of giving its indorsement and guaranty, that thirty-seven and one-half per cent of the capital stock of the defendant company, consisting of 187½ shares of the par value of $100 each, be issued in his name for the account of the plaintiff, and that, pursuant to his demand, it was so issued and is now so held by him, and that he has refused after due demand to surrender it to the plaintiff; that said Wells, in violation of his duty to the plaintiff, permitted the notes to be so discounted without requiring the defendant company to raise the additional

$2,000 as agreed, and that he advanced $1,333.32 for the company to its landlord in payment of rent, and was reimbursed therefor from the proceeds of the loan; that said Wells upon his signature as treasurer of the defendant company, and the signature of Lawrence E. Blake as president of the defendant company, fraudulently and improperly withdrew from the proceeds of the discount of the notes on deposit with the trust company $3,158.32, and paid over to the defendant Lawrence E. Blake $500, and to the defendant John B. Daniels $200 thereof, and they fraudulently received the same, and he appropriated the balance to his own use; that said Wells as an officer of the defendant company has hindered and refused to consent to the carrying out of repairs upon certain of the leasehold property, which repairs are necessary to develop the rental value thereof and by the terms and conditions of the lease are required to be made by the lessee; that said Wells has also collected certain rents under the rental income certificate assigning the rentals to the plaintiff, for which he has refused to account to the plaintiff or to the defendant company, and he and the other defendants have in these and other respects failed and refused to perform his and their obligations to the plaintiff and to the defendant company; that when the first of the notes, which was for $2,500, fell due, the defendant company and the defendant Blake as indorser failed to pay it, and it was duly protested and due notice of protest given to the plaintiff and it was obliged to and did pay the note, and thereupon received the note and is now the holder and owner thereof, and that under the agreement, owing to said default, the other notes thereupon became due and payable; that defendant Wells is using his position and control of the said 187½ shares of the capital stock of the defendant company for the domination of the company for his personal benefit, and as a director and officer of the defendant company has, at all times, managed the same solely in his individual interest and in the interests of his associates with a view to making personal profits therefrom, and has refused to manage the company for its benefit or the benefit of the plaintiff as the owner of the said 187½ shares of stock, or for the benefit of the creditors, and has refused to authorize or make repairs required to be made for the proper develop-

ment of the leasehold property and as required by the terms of the lease, and has refused to pay the just debts of the defendant company, in consequence whereof four judgments, each for $83.72, have been recovered against the defendant company; that the judgment creditors and .other creditors of the defendant company are pressing their claims for payment and threaten to attach and levy upon its property and to place ·the sheriff in possession thereof, which will result in judgments, executions and seizures and forced sales of the property and the cancellation of the lease by the lessor and the cessation of business by the defendant company; that any action on the part of the creditors of the company will interfere with and obstruct its business and cause it and its creditors, including the plaintiff, great and irreparable injury and loss, and the value of the assignment of the rents to the plaintiff will thereby be destroyed; that only as a going concern can the defendant company meet its obligations or· arrange for meeting them and comply·with its obligations under the lease and prevent a cancellation of the lease owing to its default thereunder; that a controversy exists between the officers of the defendant company by reason of which it is unable to transact any corporate business, and that unless the court appoints a receiver with power to make the repairs and alterations required to be made by the lease, a default will be suffered thereunder, which·will result in the cancellation of the lease, to the irreparable injury and damage of the plaintiff and other creditors of the defendant; that any attempt of the plaintiff to enforce its claims at law as a creditor of the defendant will result in similar action on the part of the other creditors and in wasteful strife and controversy and in a default under the lease, which constitutes the sole property of the defendant company, and that can be avoided only by the intervention of the court and the granting of equitable relief, including the appointment of a receiver and the continuance of business under the direction of the court; that unless a receiver is appointed to handle the property of the defendant company as a trust fund for the payment of the plaintiff and other creditors, its property .will be dissipated, wasted and sacrificed, to the great and irreparable injury of the plaintiff and other creditors; that unless the defendant· Frank M. Wells is enjoined and

restrained from transferring the 187½ shares of stock held by him pending the action, he will so transfer them, and that the plaintiff has no adequate remedy at law.

The prayer for relief is, (1) that a receiver of the defendant company be appointed with authority to carry on its business; (2) that the court administer the property of the defendant company and adjudicate the rights and claims of the plaintiff; (3) that creditors be enjoined from instituting or prosecuting actions against the company and that its officers and agents be enjoined from interfering with or disposing of any of its property; (4) that in due time, the property of the company be sold and the proceeds applied in payment of its obligations; (5) that it be adjudged that the plaintiff is the owner of the 187½ shares, and that the defendant Wells be required to transfer and deliver them to it, and that in the meantime he be enjoined from disposing of them or delivering them to any one other than the plaintiff; (6) that the individual defendants be required to account to the defendant company for all of their acts as its officers and directors, and for all moneys improperly received by them from it; (7) that the plaintiff have judgment against the defendant company and Lawrence E. Blake as maker and indorser, respectively, of the first note, together with interest and costs, and for the amount of the other notes with interest; (8) that the defendant company and all persons claiming under it after the filing of the notice of the pendency of this action be barred and foreclosed of all right or equity of redemption in or to the premises and assigned rents, and that their right, title and interest be sold and the proceeds applied in payment of the plaintiff's claim and the costs and expenses of this action, and that the individual defendants may be adjudged to pay any deficiency; (9) that the defendants be adjudged specifically to perform the said agreement between the defendant company and the plaintiff, and be adjudged liable to the plaintiff for any deficiency after the application of any amount realized and applicable to the payment thereof, and for other and further relief.

These allegations sufficiently show a cause of action against each of the appellants. The plaintiff, having been obliged to pay one of the notes, and having become liable for the payment of the others, which thereupon became due and

payable, is at least entitled to foreclose its lien on the property pledged to it as security, and is entitled to have the trust fund restored by compelling those who have participated in dissipating it to return the money to the company.    On that theory appellant Daniels may be compelled to restore, at least, the amount he received.    The plaintiff does not bring the action as a stockholder; and it is quite clear that on the facts alleged it is not entitled to have the directors of the company account, the same as in a stockholders' action, although, in effect, it has demanded that relief.    The allegations must be construed as limiting the accounting to the trust and trust fund created by and arising under the agreement. It is not for us now to decide the precise extent to which the plaintiff may have relief.    It is sufficient that the complaint states an equitable cause of action against each of the appellants arising out of and under the agreement, and that all other allegations, with the exception of those relating to the stock, are for relief to which the plaintiff deems itself entitled in connection with the foreclosure of its lien and to enable it to have the sale of the property made to the best advantage. We merely hold that the allegations with respect to the continuance of the business and specific performance should not be construed as stating separate independent causes of action, but merely a theory of relief incidental to the foreclosure.

It is equally plain, I think, that the plaintiff has joined with this equitable cause of action against the defendants another cause of action against the defendant Wells only, which in no manner concerns the other defendants.    According to the allegations of the complaint, there was no agreement between the plaintiff and any of the defendants by which the plaintiff was to receive part of the capital stock of the defendant company, or by which any part of its capital stock was to constitute a part of the trust property in the administration of which plaintiff was interested.    Plaintiff's representative in the matter, without its knowledge or consent, exacted the issuance of the stock in his name and delivery thereof to him for the account of or in behalf of the plaintiff, and the plaintiff on discovering these facts evidently determined to ratify his acts and claim the stock; but no facts are alleged tending to show a cause of action against any of the other defendants

concerning that transaction. According to the allegations of the complaint, the stock has been issued to the defendant Wells, who holds it for the plaintiff. Manifestly, any issue with respect to the ownership or right to possession of that stock is a controversy between the plaintiff and Wells only, and is in no manner interwoven with the main cause of action, which concerns the defendant company and some or all of the individual defendants. Appellants may be prejudiced by the joinder of these causes of action. Their counsel states, by way of argument to show how appellants may be prejudiced, what is said to have actually transpired in this action since the demurrers were argued at Special Term. He says that a receiver has been appointed and that unless the cause of action for the recovery of the stock is eliminated, the company will be unable to discharge the receivership by paying the amount to which the plaintiff is entitled, which he states it has offered to do and that on the offer being rejected a motion was made for a discharge of the receivership on the defendant company's paying the amount owing to plaintiff and costs, which amounts it was ready, willing and able to pay, but that the plaintiff opposed the motion and insisted upon a continuance of a receivership until the issues with respect to the stock are decided, and that when the points were prepared that motion was still *sub judice* at Special Term. Of course, these facts do not appear in the record; but they well might arise and they illustrate how appellants may be prejudiced if issues arising on plaintiff's claim to the stock, which do not concern them, were to be tried and decided herein.

It follows that the orders in so far as they overrule the demurrers for misjoinder should be reversed, with ten dollars costs and disbursements to each appellant, and the demurrers on that ground sustained, with ten dollars costs, but with leave to plaintiff to amend upon payment of the costs of the appeals and motions.

CLARKE, P. J., SMITH, PAGE and MERRELL, JJ., concur.

Orders reversed, with ten dollars costs and disbursements to each appellant, and demurrers sustained, with ten dollars costs, with leave to plaintiff to serve an amended complaint upon payment of said costs.